IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ACCENTCARE HOME HEALTH
OF ROGUE VALLEY, LLC,

        Plaintiff,

    v.

JASON BLISS, CAROLINE BREEDING,
TERA CUMMINGS, STEVEN SCOTT,
HEALTHY LIVING AT HOME – EAST
BAY, LLC, HEALTHY LIVING AT
HOME, INC.,

        Defendants.

Case No. 1:16-cv-1393-CL

ORDER

MCSHANE, Judge:

      Magistrate Judge Mark D. Clarke filed a Report and Recommendation (R&R, ECF No. 51), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants filed objections (ECF No. 55) to the Report and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct.

1 – ORDER

**I. Motion to Stay**

When considering a motion to stay, a court is to weigh three competing interests: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer if required to go forward, and (3) does the stay simplify or complicate the issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) citing *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). In reaching its decision on the motion, a district court is exercising its inherent power to control the cases on its docket in a manner which will "promote economy of time and effort for itself, for counsel, and for litigants." *Id*.

Defendants object the denial of the stay and argue that "hardships and equities" weigh in favor of a stay of this action. I agree with Judge Clarke's analysis who, in denying defendant's request, found that they have not shown that they will suffer *any* hardship or inequity in the absence of a stay. He further found that to stay the case would not serve the interests of justice because it was unclear how long before the state court matter would be fully resolved. R&R 16, ECF No. 51. As a general matter, having to litigate itself is not hardship warranting the stay of a case. *Dependable Hwy. v. Navig.*, 498 F.3d 1059, 1066-70 (9th Cir. 2007). Submitting to discovery (particularly discovery that is "substantially similar" (Pl.'s Mot. 14-15, ECF No. 25) to what has already been submitted in the state court action) also does not constitute hardship.

I am also unwilling to stay a case to simply delay the pains of litigation based on the speculative future outcome of a state court proceedings. It is unclear the mechanism by which the state court case will resolve; whether by jury verdict, summary judgment motion, or settlement. It is equally unclear if or how the resolution of the state court proceeding may simplify or

complicate the issues in the federal case. Because the orderly course of justice weighs against a stay in the federal litigation, the request to stay is DENIED.

Judge Clarke made a third point that, before the filing of this federal suit, there was an attempt to join Defendants here with the defendants of the state court proceedings, but that attempt was opposed and ultimately denied by the state court. There is an irony to the defendant's position, but this observation is not a determinative factor in reaching a decision on the motion to stay.

## II. Necessary and Indispensable Parties

Defendants object to the Recommendation that the state court defendants are not necessary parties. Def.'s Obj. 8-9, ECF No. 55. Defendants argue that the Recommendation failed to consider all three prongs in the first step of the Rule 19 two-step analysis. *Id*. In the first step, the district court must determine whether the absent party is a "necessary" party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). If the absent party is necessary and cannot be joined, then the court must determine whether the party is "indispensable." *Id*. If the absent party is not necessary, then the analysis stops. The moving party bears the burden of persuasion in arguing for dismissal under Rule 19. *Id*.

In order to determine whether the state court defendants are necessary parties under Rule 19(a), the Court must consider: (1) whether complete relief is available among the existing parties; (2) whether the state court defendants have a legally protected interest in the suit such that a decision in its absence will impair or impede its ability to protect that interest; and (3) whether Defendants would be subjected to a substantial risk of multiple or inconsistent obligations. FED. R. CIV. P. 19(a)(1); *Ward v. Apple Inc.*, 791 F.3d 1041, 1048-49 (9th Cir. 2015). If any one of the three prongs is met, then the state court defendants are to be found

3 – ORDER

necessary. I find that Judge Clarke thoroughly discussed all three prongs at step one. His analysis at step two for each of the asserted claims correctly concluded that the state court defendants are not necessary and not indispensable parties to the federal suit. R&R 4-15, ECF No. 51. Defendants' objections are unpersuasive.

### III. Personal Jurisdiction over Steven Scott and HLH-East Bay

I find that Plaintiffs have met their burden for showing the existence of personal jurisdiction over Steven Scott and HLH-East Bay, and that there is not a compelling case that the exercise of jurisdiction would be unreasonable.

## CONCLUSION

I adopt the Report and Recommendation (ECF No. 51) in full. Defendants' motion (ECF No. 25) is DENIED. Motion for judicial notice (ECF No. 42) is GRANTED.

IT IS SO ORDERED.

DATED this 7th day of June, 2017.

      /s/ Michael J. McShane     
Michael J. McShane
United States District Judge